IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ARTHUR MOSES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 23-207 |
| | ) | |
| HERITAGE COMMUNITY INITIATIVE, | ) | Magistrate Judge Dodge |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

Pro se Plaintiff Arthur Moses filed a Complaint against Defendant Heritage Community Initiative on February 9, 2023. Pursuant to the Federal Rules of Civil Procedure, he has 90 days from that date, or until May 10, 2023, to serve the Defendant. Fed. R. Civ. P. 4(m). On March 13, 2023, he filed a motion (ECF No. 2) requesting that service be made by the United States Marshal.

Pursuant to Federal Rule of Civil Procedure 4(c)(3), the Court, in its discretion, "may" order that service be made by a United States Marshal. However, as summarized recently by several courts:

> [a]t one time, all process in federal civil litigation was served by the United States Marshals Service. *FROF, Inc. v. Harris*, 695 F. Supp. 827, 828-29 (E.D. Pa. 1988). In its current incarnation, however, Rule 4 has been amended to generally allow service of a summons and complaint by "[a]ny person who is at least 18 years old and not a party" to the litigation. *See* Fed. R. Civ. P. 4(c)(2); *FROF*, 695 F. Supp. at 829. The purpose of this change was "to reduce the burden on the United States Marshal[s] Service of serving civil process in private litigation, without endangering the effective and efficient service of civil process." *See Changes in Federal Summons Service Under Amended Rule 4 of the Federal Rules of Civil Procedure*, 96 F.R.D. 81, 127 (1983) (advisory committee note to proposed Rule 4(c)). Thus, it is now the plaintiff who "is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and [who] must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1).

*Thompson v. Bromwell*, 2021 WL 9594593, at *1 (W.D. Pa. Mar. 10, 2021) (quoting *Tejada v. DelBalso*, 2018 WL 6268202, at *1 (M.D. Pa. Nov. 30, 2018)).

Plaintiff has paid the full filing and administrative fees to commence this suit, and thus, he presumably has either the financial resources to retain a private process server or seek the assistance of family or friends who are not parties to the action. *See* Fed. R. Civ. P. 4(c)(2). Moreover, Rule 4(d) of the Federal Rules of Civil Procedure permits him to request that a defendant waive formal service of process by mailing defendant a written notice and request for waiver of service prior to attempting personal service.  In that event, if the defendant fails to waive service without good cause, the Court is required to impose on that defendant any expenses later incurred in making personal service and any reasonable expenses incurred in collecting those service expenses. *See* Fed. R. Civ. P. 4(d)(2).

Plaintiff does not assert that he has made any good-faith effort to effectuate service of process or to request that Defendant waive formal service. Rather, it appears that he simply does not want to take the necessary steps to effect service. However, as outlined above: "The plaintiff is responsible for having the complaint and summons served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1).

Therefore, this 20th day of March, 2023, it is ORDERED that Plaintiff's Rule 4(c)(3) motion for service by a United States marshal, deputy marshal, or some other person specially appointed by the Court (ECF No. 2) is DENIED without prejudice.

It is further ORDERED that Plaintiff shall undertake the necessary steps to effect service upon Defendant by May 10, 2023.

/s/Patricia L. Dodge
PATRICIA L. DODGE
United States Magistrate Judge